Case 7:23-cv-00212   Document 30   Filed on 04/30/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Santiago Almazan, Jr., *Plaintiff*, | § § § § | |
| v. | § § | Civil Action M-23-212 |
| Hudson Insurance Company, Cassidy Bean, Frank Ellison, and Catherine Lockard *Defendants*. | § § § § § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Cassidy Frank Ellison Bean's[1] Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 20. The motion is **GRANTED**.

According to Plaintiff Santiago Almazan, Jr.'s First Amended Petition,[2] Almazan is a resident of Hildago County, Texas, and Defendants Catherine Lockard and Bean are residents of Maryland. ECF No. 14 at 1. Almazan alleges that Lockard negligently entrusted her vehicle to Bean, who struck Almazan's vehicle while the two were driving on I-85. ECF No. 14 at 2. The court takes judicial notice of the fact that I-85 traverses Virginia, North Carolina, South Carolina, Georgia, and Alabama, but does not go through any part of Texas. *See* Eisenhower Interstate

---

[1] Defendants "Cassidy Bean" and "Frank Ellison" are incorrectly identified as separate individuals. The two names refer to one individual defendant named Cassidy Frank Ellison Bean. *See* ECF No. 20 at 1; ECF No. 21 at 3 (Plaintiff's request for leave to file second amended complaint to "remove Defendant 'Frank Ellison' and Defendant 'Cassidy Bean' as separate individuals and correctly name them as one individual named 'Cassidy Frank Ellison Bean'").

[2] Although the court granted Almazan's request for leave to file a second amended complaint, he has not yet done so. Almazan's First Amended Petition, ECF No. 14, is the live pleading.

System Map, https://hepgis-usdot.hub.arcgis.com/apps/5bc2eb 26bb6644958716a274f8664ee8/explore (last visited April 30, 2024).

Bean has moved to dismiss under Rule 12(b)(2) based on lack of personal jurisdiction. ECF No. 20. Bean states that the accident occurred in South Carolina, that he resides in Maryland, and that he has no purposeful contacts with Texas. *Id.* at 1. Bean explains that he "does not live in Texas, does not own property in Texas, has no bank account in Texas, does no business in Texas, and has not even been to Texas in many years." *Id.* Almazan's response to the instant motion does not dispute these facts. *See* ECF No. 23.

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to make a prima facie showing that the court has jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). Jurisdictional requirements "must be met as to each defendant[.]" *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). A federal court has jurisdiction over a nonresident defendant if: (1) the state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ham*, 4 F.3d at 415.

Because the Texas long-arm statute extends to the limits of federal due process, the court need only analyze the second factor—whether jurisdiction is consistent with constitutional due process. *Ham*, 4 F.3d at 415. The court must therefore determine whether: (1) the defendants have established "minimum contacts" with the forum state, and (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). A determination of "minimum contacts" may be subdivided into two categories: contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999).

A nonresident defendant's contacts with the forum state give rise to specific jurisdiction if they arise from or directly relate to the cause of action. *Id.* "[T]he relationship must arise out of contacts that the 'defendant *himself* creates with the forum State." *Walden*, 571 U.S. at 284 (citing *Burger King*, 471 U.S. at 475). On the other hand, contacts with the forum state establish general personal jurisdiction if they are continuous, systematic, and substantial, even if they are unrelated to the cause of action. *Marathon Oil*, 182 F.3d at 295. "[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008).

Here, there is no allegation or evidence that this lawsuit arises from Bean's contacts with Texas. To the contrary, the accident happened outside of Texas because I-85 does not go through Texas. According to Bean, the accident occurred in South Carolina. ECF No. 20 at 1. Almazan does not present any evidence or allegation to the contrary. Nor is there any evidence or allegation that Bean has continuous or systematic contacts with Texas. Bean states in his motion to dismiss that he has no connection to Texas, and that he does not live, own property, or

conduct business in Texas. *Id.* Almazan does not allege facts or present any evidence to the contrary.

Almazan argues that "[t]his court has jurisdiction over Defendants . . . because Plaintiff resides in Hidalgo County, Texas, and/or all of Plaintiff's injuries from the motor vehicle accident, the subject of this suit, were treated by medical providers who will testify and are located in Hidalgo County, Texas." ECF No. 23 at 1–2. Personal jurisdiction depends on the *defendant's* contacts with the forum state—not the *plaintiff's*. *Walden*, 571 U.S. at 284. Because Almazan has failed to demonstrate that Bean has minimum contacts with Texas, the court does not have personal jurisdiction over Bean, and Bean's motion to dismiss must be granted.

Bean's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 20, is **GRANTED**. Bean is **DISMISSED** from this action without prejudice.

Signed at Houston, Texas on April 30, 2024.

_____
Peter Bray
United States Magistrate Judge